# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Kristopher Lee Roybal, | No. 21-cv-2026 (KMM/ECW) |
| Petitioner, | |
| v. | **ORDER** |
| Paul Schnell, Comm'r of Corrections, | |
| Respondent. | |

Petitioner Kristopher Lee Roybal commenced this action on September 13, 2021 by filing a Petitioner for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. [ECF No. 1]. Mr. Roybal then filed an Amended Petition [ECF No. 6], a Motion to Stay [ECF No. 4], and a Motion to Accept Evidence Relating to the Petition [ECF No. 24].

On April 29, 2022, United States Magistrate Elizabeth Cowan Wright issued a Report and Recommendation ("R&R"). [ECF No. 26]. Judge Wright recommended that Mr. Roybal's Motion to Stay be denied, but that he be given leave to file an entirely new, amended petition within 30 days from the entry of any Order adopting that recommendation. If, however, Mr. Roybal did not wish to file an entirely new, amended petition, Judge Wright recommended that his Amended Petition be dismissed without prejudice. Finally, Judge Wright recommended that the Motion to Expand the Record be denied.

1

I.   **BACKGROUND**

*Direct Appeal*

As explained in the R&R, Mr. Roybal's Amended Petition challenges his conviction and 95-month prison sentence for a controlled substance offense in Cass County District Court. He appealed his conviction to the Minnesota Court of Appeals, arguing primarily that the district court erred in denying his motion to suppress evidence that was obtained as a result of law enforcement's impoundment and inventory search of his vehicle. In a pro se supplemental brief, Mr. Roybal raised the following additional arguments: that the traffic stop was invalid; that the state violated *Brady v. Maryland*, 373 U.S. 83 (1963); that he did not consent to the search of his vehicle; that the police violated Minnesota law by failing to sufficiently describe why they towed the vehicle in their inventory report; that the police failed to properly inventory his property; and that the Court of Appeals should adopt a new rule governing inventory searches.

The Court of Appeals affirmed the trial court's decision. *State v. Roybal*, No. A19-0733, 2020 WL 994990, at *1–3 (Minn. Ct. App. Mar. 2, 2020). The court found that it was proper under the circumstances for the police to impound his vehicle because it presented a traffic hazard if it were left on the side of the road. *Id.* at *3–4. The court also rejected Mr. Roybal's argument that the impoundment of the vehicle and inventory search was a pretext for the arresting officer's true investigatory motive. *Id.* at *4. Concerning the issues raised in his pro se brief, the Court of Appeals found that he had stipulated to the prosecution's evidence while preserving the dispositive suppression issue for appellate review. As a result, his arguments concerning *Brady* and the validity

2

of the traffic stop were beyond the scope of the appeal. The court further concluded that his remaining arguments "either repeat arguments in his primary brief or are raised for the first time on appeal," and would not be addressed. *Id.* at *5.

Mr. Roybal petitioned for further review in the Minnesota Supreme Court on April 1, 2020, but his petition was denied on May 27, 2020. *State v. Roybal*, Case No. 11-CR-18-1104, Index #149 (May 27, 2022), https://publicaccess.courts.state.mn.us/CaseSearch.

### *Post-Conviction Petition*

On September 28, 2021, Mr. Roybal filed a post-conviction petition raising five issues: (1) trial counsel was ineffective; (2) the prosecution violated *Brady v. Maryland*; (3) the trial court applied the incorrect standard of review, thereby depriving him of a full and fair review of his constitutional claims; (4) he was denied a full review in the Court of Appeals; and (5) a request for a corrective process. *Roybal v. State*, Case No. 11-CR-18-1104, Index #151 (Sept. 28, 2021), https://publicaccess.courts.state.mn.us/CaseSearch. These post-conviction proceedings remain ongoing, with a motion hearing scheduled for July 13, 2022. *Id.*, Upcoming Hearings, https://publicaccess.courts.state.mn.us/CaseSearch.

### *The Amended Petition and R&R*

After Mr. Roybal filed his original petition, he submitted the Amended Petition on September 27, 2021. The Amended Petition raises the following grounds for habeas relief:

> Ground One: Petitioner was not given the opportunity for a full and fair consideration of his search-and-seizure claim at trial and on direct review

3

>due to using a probable cause standard of review, depriving him of a subjective inquiry.
>
>Ground Two: Due Process – Discovery violation – *Brady v. Maryland*. This claim is based on evidence of NCIC query searches performed by the arresting officers with respect to Petitioner's vehicle during the time period at issue.
>
>Ground Three: The District Court's decision resulted in a decision that was based on an unreasonable determination of facts considering the evidence presented in state court proceedings, specifically that the deputy lied under oath and never provided a reason for the tow in the report in violation of Minnesota law and United States Constitution.
>
>Ground Four: The deputy made an offer to have Petitioner's vehicle towed to a specific towing company of the other side of Cass Lake in order to induce Petitioner "to accent" [Fn.2 The Court interprets this as "to assent."] to towing, which constitutes bad faith.
>
>Ground Five: The inventory search was unreasonable and a pretext for a criminal investigation and done in bad faith.

[ECF No. 26 at 3–4 (citing ECF No. 6 at 5–14)].

The R&R identified these five grounds as those specifically set forth in the Amended Petition. The R&R also noted that Mr. Roybal referred to his ineffective assistance of counsel claims, but those claims were not listed among the grounds for relief. [ECF No. 26 at 4 & n.3]. Ground Two and the ineffective assistance claims were unexhausted. [ECF No. 26 at 4].

Mr. Roybal asked this Court to stay these proceedings and hold his Amended Petition in abeyance until he has had an opportunity to exhaust the claim in Ground Two of the Petition. The R&R explained that the stay-and-abeyance procedure can sometimes be appropriate under *Rhines v. Weber*, 544 U.S. 269 (2005), because dismissal of a petition presenting exhausted and unexhausted claims together (a so-called "mixed

4

petition") pursuant to *Rose v. Lundy*, 455 U.S. 509 (1982), can present statute-of-limitations problems. However, to follow the stay-and-abeyance procedure, the R&R recognized that a court must find that there was good cause for the failure to exhaust the claims in state court and that the claim is not "plainly meritless."

Evaluating the claimed *Brady* violation in Ground Two, the R&R explains that Mr. Roybal's claim is based on the prosecution's failure to disclose, prior to the officer's testimony, that the arresting officer had run several NCIC query searches on the vehicle's license plate, and that Roybal claims this information was favorable to him and could have been used for impeachment purposes. Mr. Roybal asserts that if disclosed earlier, this evidence would have helped him show that his arrest was an illegal pretext for the search of his vehicle. [R&R at 8]. The R&R observes that the Minnesota Court of Appeals found that Roybal was properly stopped based on the fact that his rear license plate was not illuminated. [R&R at 8–9]. Next, the R&R rejects the Respondent's argument that this claim is a "mere discovery violation that is not actionable since he waived any right to pursue additional discovery," and cites cases that have taken different views on whether a non-disclosure of favorable evidence prior to an agreed process can count as a violation *Brady/Giglio*. [R&R at 10 (citing *Lozoya v. City of Cloquet*, No. 21-cv-0990 (ECT/LIB), 2022 WL 37460, at *5 (D. Minn. Jan. 4, 2022), and *United States v. FNU LNU*, No. 22 CR 16-LTS, 2022 WL 524956, at *1 (S.D.N.Y. Feb. 22, 2022))].

Having framed the issue, the R&R concludes that it need not decide it in this case because there is no dispute that his rear license plate light was not working at the time of the stop. Because the law is clear that even a minor traffic violation provides probable

cause for a traffic stop, even where it is pretextual, and Minnesota law requires a rear license plate to be illuminated, the R&R concludes that Mr. Roybal's unexhausted claim is not sufficiently meritorious to justify a stay of the Amended Petition to allow him to exhaust it. [R&R at 10–11]. However, the R&R finds that Mr. Roybal should be given an opportunity to amend his petition within 30 days of any order adopting the R&R, so that he could abandon unexhausted claims and proceed only on those claims that are fully exhausted. [R&R at 11–12].

### *Petitioner's Responses to the R&R*

On May 6, 2022, Mr. Roybal filed a Response Pursuant to Local Rule 72.2(b)(1). [ECF No. 27]. In this first Response, Mr. Roybal reiterated that he requested a stay so that he could exhaust Ground Two of the Amended Petition in state court. He further stated that if his Amended Petition was not stayed by this Court, he "wishes to abandon his petition so he may exhaust his post-conviction remedies and avoid being barred from submitting a subsequent habeas corpus petition." The Respondent filed no response to this document.

However, on June 28, 2022, Mr. Roybal changed course when he filed a document entitled "Response to Report and Recommendation Dated April 29th, 2022, To Amend Petition for A Writ of Habeas Corpus." [ECF No. 29]. In this submission, Mr. Roybal states that he "wishes to withdraw his earlier motion that requested this Court to dismiss his Petition." Instead, he wishes to abandon his unexhausted claims and to consider the document submitted as his "amended petition [setting] forth the facts supporting his exhausted claims and arguments in support of his amended petition." [ECF No. 29 at 1].

6

He then discusses certain claims, presents his arguments in favor of a determination that they have been exhausted, and combines those claims with a memorandum of law arguing their merits.

## II. DISCUSSION

The Court reviews de novo any portion of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b). In the absence of objections, the Court reviews the R&R for clear error. *Nur v. Olmsted County*, 563 F. Supp. 3d 946, 949 (D. Minn. 2021) (citing Fed. R. Civ. P. 72(b) and *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam)). District court judges "may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Because Mr. Roybal is self-represented, his objections are entitled to a liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

It appears that Mr. Roybal has not objected to any specific portion of the R&R. Indeed, although one could interpret Mr. Roybal's first response as raising an objection to the recommendation that his motion for a stay pursuant to *Rhines* be denied, Mr. Roybal expressly abandoned that argument in his second Response. He now indicates that he wants to further amend his petition to set forth only his exhausted claims and to comply with the instruction that he describe the facts showing such claims have been fully exhausted for purposes of federal habeas review. As such, this Court finds there have been no specific objections to the R&R and, having reviewed the record, concludes that

7

the R&R contains no error, clear or otherwise. As such, the findings and recommendations of the R&R are accepted.

A more difficult question is presented by the following statement in Mr. Roybal's second Response: "Roybal asks this Court to consider this amended petition as he sets forth the facts supporting his exhausted claims and arguments in support of his amended petition." [ECF No. 29 at 1]. Having reviewed the remainder of the second Response, it is far from clear that this document satisfies the R&R's conclusion that any amended petition should set forth only Mr. Roybal's exhausted claims and include the facts supporting exhaustion for each claim. The second Response does not, for example, set forth Mr. Roybal's claims as independent Grounds for Relief as he did in his Amended Petition when using AO Form 241 for a § 2254 habeas petition. [*Compare* ECF No. 6 at 5–14 (listing each claim as a separate ground for relief), *with* ECF No. 29 at 2–15].

The second Response discusses issues Mr. Roybal raised in the trial court regarding the traffic stop, impoundment of his vehicle, and the inventory search. [ECF No. 29 at 2–3]. He presents arguments about the district court applying the incorrect legal standard in evaluating the basis for the impoundment and inventory search of the vehicle. [ECF No. 29 at 3]. As a result, it appears that Mr. Roybal wishes to proceed with the claim he asserted in Ground Five of his Amended Petition. [ECF No. 6 at 14]. However, it is unclear from his submission whether that is the *only* ground from his Amended Petition that he wishes to pursue in this proceeding.

For example, Ground Four of the Amended Petition raised the issue of the officer's "bad faith" in connection with a discussion Mr. Roybal had with the officer

8

regarding having his vehicle towed. [ECF No. 6 at 10]. In his second Response, Mr. Roybal discusses the arresting officer's alleged "bad faith" in discussing what would happen with the vehicle, and he raises several aspects of the officer's non-compliance with standardized procedures in impounding the vehicle. [ECF No. 29 at 7–11]. Thus, it is unclear whether Mr. Roybal intends to move forward with an independent challenge to any state court adjudication of a claim that the officer's bad faith violated his federal constitutional rights. Nor is it clear whether Mr. Roybal contends that he fairly presented such a claim as a constitutional claim at each level of the state court proceedings.

To create an opportunity for a clearer record, the Court finds that the second Response does not satisfy the requirement for Mr. Roybal to submit an entirely new amended petition setting forth only the exhausted claims that he wishes to pursue in this case and alleges facts showing that each such claim was properly exhausted in state court. Mr. Roybal will be given thirty days from the date of this Order to file an entirely new amended petition that meets these requirements. Mr. Roybal should complete his new amended petition setting forth only claims that have been fully exhausted using AO Form 241, a blank copy of which the Clerk of Court will send to Mr. Roybal by mail along with a copy of this Order. The Court is mindful that Mr. Roybal put significant effort into drafting his second response to the R&R, and it requires him to complete his amended petition using the form not merely so that he has to jump through hoops to have claims considered on their merits in this proceeding, but to ensure that it is clear he has abandoned any unexhausted claims and is raising only exhausted claims. This will give him an opportunity to obtain review of those claims that can be considered in this

proceeding and avoid dismissing the entirety of the petition because it presents a mix of exhausted and unexhausted claims.

### III. ORDER

Based on the foregoing, **IT IS HEREBY ORDERED that:**

1. The Report and Recommendation [ECF No. 26] is **ACCEPTED**;

2. Mr. Roybal's Motion to Stay [ECF No. 4] is **DENIED**;

3. Within 30 days of the date of this Order, Mr. Roybal shall file an entirely new, amended petition that includes only fully exhausted claims, and he must set forth the facts supporting exhaustion for each claim;

4. The Motion to Expand the Record [ECF No. 24] is **DENIED**; and

5. The Clerk of Court is directed to mail Mr. Roybal a copy of the form for habeas corpus petitions under 28 U.S.C. § 2254 along with a copy of this Order.

Date: July 8, 2022

                                                 *s/Katherine Menendez*
                                                 Katherine Menendez
                                                 United States District Judge