UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Kristopher Lee Roybal, | No. 21-CV-2026 (KMM/ECW) |
| Petitioner, | |
| v. | **ORDER** |
| Paul Schnell, Comm'r of Corrections | |
| Respondent. | |

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Elizabeth Cowan Wright dated August 22, 2023. ECF 40. The R&R recommends that Petitioner Kristopher Lee Roybal's Amended Petition for Writ of Habeas Corpus (ECF 35 ("Petition")) be denied, that a subsequent motion brought by Mr. Roybal related to his petition (ECF 39) also be denied, and that no certificate of appealability be issued. Mr. Roybal filed objections ("Objections") to the R&R on September 19, 2023. ECF 45. Based on a thorough review of the record, the Court adopts the R&R in full and Mr. Roybal's Petition is dismissed.

I. **Background**

Mr. Roybal brings his habeas petition to challenge his incarceration for a Minnesota state court conviction for a controlled-substance crime. *See State v. Roybal*, No. A19-0733, 2020 WL 994990, at *1–2 (Minn. Ct. App. Mar. 2, 2020). The Court has reviewed the R&R's discussion of the relevant facts of Mr. Roybal's prosecution and

1

conviction, his direct appeal attempts, and the procedural history arising out of Mr. Roybal's federal habeas petition leading up to the R&R. *See* ECF 40 at 1–4. The Court finds this discussion to be thorough and will not restate it here. Accordingly, the Court incorporates by reference the R&R's background section (ECF 40 at 1–4) for purposes of its analysis below.

## II.   Standard of Review

The Court reviews *de novo* any portion of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b). In the absence of objections, the Court reviews the R&R for clear error. *Nur v. Olmsted Cnty.*, 563 F. Supp. 3d 946, 949 (D. Minn. 2021) (citing Fed. R. Civ. P. 72(b) and *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam)). Here, the Court interprets Respondent's objections as general objections to the entirety of the R&R. Accordingly, the Court will review *de novo* the R&R's recommendations with respect to the Petition in full.[1]

## III.   Analysis

Judge Wright concluded that Mr. Roybal's petition was based on the argument that his vehicle was illegally stopped and searched in violation of the Fourth Amendment. ECF 40 at 5. Likewise, the R&R found that the petition's four habeas claims were all

---

[1] The R&R also recommends denying as moot an additional motion filed by Mr. Roybal concerning an evidentiary issue. ECF 39 (seeking consideration by the Court of a "fact" relevant to Mr. Roybal's suppression arguments). The Objections make no mention of this aspect of the R&R, and so the Court will review this element of the R&R for clear error. The Court agrees with the recommendation to deny Mr. Roybal's motion as moot, in light of the Court's adoption of the R&R's substantive recommendations regarding the Petition. As such, the Court finds no clear error.

directed to a Fourth Amendment issue, either claiming that the Minnesota state courts misapplied Fourth Amendment law or asserting the Minnesota courts mishandled facts relevant to the Fourth Amendment analysis. *Id*. at 6. In reaching its recommendation, the R&R primarily relied upon the United States Supreme Court decision in *Stone v. Powell*, which held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." 428 U.S. 465, 482 (1976). The R&R further considered Mr. Roybal's claims in light of several Eighth Circuit decisions that clarified certain aspects of *Stone*. ECF 40 at 5–6 (citing *Willett v. Lockhart*, 37 F.3d 1265, 1271–72 (8th Cir. 1994), *Poole v. Wood*, 45 F.3d 246, 249 (8th Cir. 1995), and *Chavez v. Weber*, 497 F.3d 796, 801 (8th Cir. 2007)). The R&R concluded that Mr. Roybal's claims were barred under *Stone* and its Eighth Circuit progeny because Mr. Roybal had been provided a full and fair opportunity to litigate his Fourth Amendment claims during his state prosecution and appeal. *Id*. at 7–8.

  Having reviewed the Petition, the R&R, and the Objections, the Court finds that Mr. Roybal's claims are indeed barred under *Stone*. The Court agrees with the R&R that each claim is rooted in an argument, either legal or factual, directed to a Fourth Amendment issue that allegedly plagued Mr. Roybal's state prosecution and conviction. *See* ECF 35 at 1, 3–4, 8. Similarly, the Court agrees that the state court record demonstrates that Mr. Roybal was afforded the opportunity required under *Stone* to litigate these Fourth Amendment claims in the state courts. Like the R&R, the Court finds

that Minnesota has procedures for litigating Fourth Amendment claims. *See Poole*, 45 F.3d at 249. The Court also finds that Mr. Roybal clearly utilized those procedures to raise his Fourth Amendment claims in the state's district and appellate courts. *See Roybal*, 2020 WL 994990, at *1 ("On appeal from his conviction of second-degree controlled-substance crime, appellant challenges the district court's denial of his motion to suppress evidence found during an inventory search of his vehicle, arguing that the search was unconstitutional. We affirm."), *pet. review denied,* (Minn. May 27, 2020), *cert. denied,* 141 S. Ct. 405 (Oct. 5, 2020). And the Court agrees with the R&R that Mr. Roybal points to no "unconscionable breakdown" in state procedures that affected his litigation of the Fourth Amendment claims. *See* ECF 40 at 6 (quoting *Willett*, 37 F.3d at 1272). As such, Mr. Roybal's litigation opportunities around his Fourth Amendment claims were "full and fair" within the requirements of *Stone*, his Petition is barred, and therefore will be dismissed.

Finally, because the Court also concludes that the basis for dismissing Mr. Roybal's petition is not fairly debatable, the Court will adopt the R&R's recommendation and issue no certificate of appealability. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).

## IV.  Order

Based on the discussion above, **IT IS HEREBY ORDERED THAT**

1. Petitioner Kristopher Lee Roybal's Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, (ECF 35), be **DISMISSED without prejudice**.

2. Petitioner Kristopher Lee Roybal's Notice and Motion for Permission by the Court to Submit Additional Fact (ECF 39) be **DENIED**; and

3. No certificate of appealability is granted.

Date: December 21, 2023

                                            *s/Katherine Menendez*
                                            Katherine Menendez
                                            United States District Judge